## LUCAS et al. v. HARRISON et al.
### (No. 6970.)

(Court of Civil Appeals of Texas. Galveston. Nov. 22, 1915. Rehearing Denied Dec. 16, 1915.)

1. JUSTICES OF THE PEACE ⟨⟩44—JURISDICTION — AMOUNT INVOLVED — ATTORNEY'S FEES.

Where plaintiff in a suit brought on account in a justice's court filed no written pleadings, and the citation asked judgment only "for the balance of the amount of the account due of $188.68," the amount involved was within the justice's jurisdiction, though an entry in the justice's docket read, "Suit upon account for $188.68 * * * interest 6%. Attorney's fees ——%"—especially where the justice's judgment did not include attorney's fees and neither the court nor the parties considered the suit as involving a claim for attorney's fees.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 157–172; Dec. Dig. ⟨⟩44.]

2. APPEAL AND ERROR ⟨⟩1002 — VERDICT — EVIDENCE.

A verdict on findings for plaintiff on each item of the account sued on will not be disturbed on appeal, where each finding is supported by evidence and the verdict is not so against the weight of evidence as to be clearly wrong, though the evidence is conflicting as to some of the items and as to some is apparently in favor of defendants.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. ⟨⟩1002.]

Appeal from Fayette County Court; George Willrich, Judge.

Action by C. P. Harrison against Chas. Lucas and others. From a judgment for plaintiff on appeal to the county court from a like judgment rendered in a justice's court,

the defendant named and another appeal. Affirmed.

John T. Duncan, of La Grange, for appellants. C. D. Krause, of La Grange, for appellees.

PLEASANTS, C. J. This suit was brought by appellee Harrison against appellants, composing the firm of Lucas & Meier, and appellee Woods, upon an account of Woods against appellants which plaintiff had purchased from Woods, who at the time of said purchase guaranteed the payment of the account. The suit was brought in the justice court for precinct No. 1 of Fayette county. Plaintiff filed no written pleadings. The entry upon the justice court docket showing the cause of action and the nature of defendants' answers is as follows:

"Suit upon account for $188.68 of date 1908 & 1909 due ——— interest 6%. Attorney's fees ———%. Filed 9th day of Nov. A. D. 1909. Citation issued the 9th day of Nov. A. D. 1909. Returnable to Dec. term 1909, and placed in the hands of ——— returned ——— day of ——— A. D. 190 . Executed 10th day of November, A. D. 1909.

"Plea of personal privilege filed Dec. 9, 1909, by Chas. Lucas & H. Meier to be sued in the county & precinct of their residence. Plea overruled Dec. 13, 1909. Judgment for $188.68."

Citation issued from the justice court thus states the cause of action:

"For debt due to plaintiff upon an open account due by said Lucas & Meier to C. F. Woods earned during the years of 1908 and 1909, which said account was transferred by said C. F. Woods to plaintiff and its payment guaranteed by the said Woods to plaintiff at Flatonia, Texas, for a valuable consideration, plaintiff asks judgment for the balance of the amount of the account due of $188.68 against Chas. Lucas and H. Meier jointly and severally as principal debtors and against C. F. Woods on his guaranty."

The account was for commissions claimed to be due Woods on sales of monuments or tombstones sold by him as agent of appellants. The transfer and guaranty of the account by Woods to plaintiff Harrison is as follows:

"I, C. F. Woods, do hereby transfer the attached account to C. F. Woods against Lucas & Meier of San Antonio, Tex., to C. P. Harrison for the sum of $188.68. And I also hereby guarantee the payment of said account to the said C. P. Harrison at Flatonia, Tex., should the said Lucas & Meier fail or refuse to pay the same. I also agree that should the said C. P. Harrison be compelled to institute suit to collect said account to pay all costs of collection, including 15 per cent. attorney's fees. This 11th day of October, 1909."

As above shown, judgment was rendered in the justice court against appellants on their plea of privilege and in favor of plaintiff Harrison against appellants · and Woods for the sum of $188.68, the amount claimed upon the account. Execution was ordered to be first issued against appellants, and against Woods only in event the judgment could not be collected by execution against appellants. Upon appeal and trial de novo with a jury in the county court a like judgment was rendered.

The evidence shows that appellants reside and have their place of business in Bexar county. The appellee Woods resides in Fayette county. Appellee Harrison purchased the account from Woods on the 11th day of October, 1909, for $165, of which amount he paid $25 in cash and gave his note for $140, due one day after date. It is not shown that this note has been paid in full, but Woods has an account with Harrison, who is a merchant, and owes him for goods purchased. No balance between this account and the note for $140 seems to have been made and the note is not shown to have been renewed. Both Woods and Harrison testified that the assignment of the account was made in good faith.

[1] By their first assignment of error appellants complain of the refusal of the trial court to dismiss the suit on the ground that the amount in controversy was beyond the jurisdiction of the justice court. We do not think the trial court erred in holding that the amount in controversy was not in excess of $200 exclusive of interest, and therefore was not beyond the jurisdiction of the justice court. Appellants' claim that the amount sued for exceeds $200 is based on the contention that the suit was for $188.68 and the attorney's fees agreed to be paid by Woods in his contract of guaranty. We do not think the record shows that attorney's fees were included in plaintiff's demand. The citation, which in the absence of a written petition must be primarily looked to for a determination of what was the subject-matter of the suit, makes no mention of attorney's fees and only asks judgment "for the balance of the amount of the account due of $188.68 against Chas. Lucas and H. Meier jointly and severally as principal debtors and against C. F. Woods on his guaranty." We think this language clearly restricts the amount asked against Woods on his guaranty to the stated amount of the balance due upon the account, and that plaintiff would not upon this citation have been entitled to a judgment against Woods for attorney's fees. The fact that the justice's docket, after the statement that plaintiff's cause of action was a suit upon an account for $188.68 with interest, contains the words, "Attorney's fees ———%," cannot be regarded as conclusive that the suit was for attorney's fees in addition to the amount due upon the account and interest thereon, when the citation, as we have before shown, does not ask for the recovery of attorney's fees. The record further shows that the judgment in the justice court did not include attorney's fees, and that neither the court nor the parties to the suit considered that the suit involved a claim for attorney's fees. Upon this state of the record, we do not think it can be held that attorney's fees were included in plaintiff's demand.

It would serve no useful purpose to discuss

the remaining assignments of error contained in appellants' brief in detail.

There are no errors in the charge of which the appellants can complain, and the several special charges requested by appellants, in so far as they contained correct statements of the law applicable to the issues presented by the evidence, were included in the charge given by the court, and were therefore properly refused.

[2] The evidence was conflicting as to several of the items of the account, and upon one or two of these items the preponderance of the evidence appears to us to have been in favor of appellants; but there is sufficient evidence to support the finding of the jury upon each of said items, and we cannot say that the verdict is so against the great weight and preponderance of the evidence as to be clearly wrong, and we are therefore not authorized to disturb it.

We are of the opinion that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.

LANE, J., not sitting.