ROBERTS v. WICHITA SOUTHERN LIFE INS. CO.     (No. 118–2982.)

(Commission of Appeals of Texas, Section B. May 12, 1920.)

1. **Insurance ⬅══665(3)—Evidence held to show extension of premium note.**

In action on life policy claimed by insurer to have lapsed, evidence *held* sufficient to warrant a finding that insurer had unconditionally extended premium note to a date beyond that of insured's death.

2. **Appeal and error ⬅══1003—Weight of testimony for jury.**

The weight of the testimony is a matter peculiarly within the province of the jury.

3. **Insurance ⬅══388(3) — Extending time for payment of premium held to waive right to enforce forfeiture.**

If insurer on maturity of premium note offered to extend time for payment of insurance upon insured's making a new application and executing a new note, such offer, while not binding upon insurer until accepted by insured, would nevertheless constitute a waiver on the part of insurer of the right to enforce forfeiture.

4. **Insurance ⬅══390—Insurer held not to have exercised right of forfeiture for nonpayment of premiums.**

That insurer on the day of insured's death treated the policy as being still in existence by sending insured a notice of the premium to become due, and the fact that nothing appeared on the books of insurer previous to such time showing that it had exercised its right of forfeiture for nonpayment of past-due premiums, *held* to show that insurer had not seen fit to exercise the right of forfeiture for nonpayment of premium.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by Mary E. Roberts against the Wichita Southern Life Insurance Company. Judgment for plaintiff was reversed by the Court of Civil Appeals (186 S. W. 411), and plaintiff brings error. Judgment of Court of Civil Appeals reversed, and that of district court affirmed.

---

⬅══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

W. H. Murchison, of Haskell, and Theodore Mack, of Ft. Worth, for plaintiff in error.

Carrigan, Montgomery & Britain, of Wichita Falls, and J. F. Woodson and H. G. McConnell, both of Haskell, for defendant in error.

McCLENDON, J. This case presents the sole question whether there was any evidence to support a finding that a policy of life insurance had not lapsed. The policy was issued on October 14, 1912, by the Wichita Southern Life Insurance Company, defendant below, upon the life of Percy P. Roberts. Mary E. Roberts, wife of the insured and plaintiff below, was the beneficiary. The policy required the payment of an annual premium of $71.33 on October 14th of each year. The initial premium was paid. The second premium became due October 14, 1913, and was not paid. On December 12, 1913, the defendant wrote to the insured, offering to accept in payment of the second premium the insured's note for $60, to be dated October 14, 1913, and due April 14, 1914, and the balance, $11.33, in cash. This offer was accepted, the cash paid, and the note executed. This note provided that upon default in its payment at maturity the insurance under the policy should cease and determine ipso facto and immediately. On April 14, 1914, this note was renewed, the insured paying $1.50 interest and executing a new note for $60, due September 1, 1914, with the same provision as the prior note relative to forfeiture of the insurance. On August 22, 1914, the company wrote the insured, advising that the premium note would be due on September 1st without grace, and that the policy would lapse on that date "if this note is not taken care of." W. H. Murchison, plaintiff's attorney, testified that insured came to his office in Haskell the latter part of August with the company's letter of August 22d, and at insured's request witness wrote a letter addressed to the defendant, stating that insured was unable to pay the note at maturity, and asking for an extension until October 1st; that insured signed this letter in witness' presence and took it away with him. Plaintiff testified that about the last of August or first of September, 1914, insured showed her a letter from defendant, written upon its stationery, which plaintiff read. She did not remember who signed it, but remembered it was from defendant and upon its stationery. She remembered that the letter "said they would extend the payment until the 1st of October"; that her husband put the letter in his pocket, and she had not seen it since. The following is a quotation from her testimony on cross-examination as found by the Court of Civil Appeals:

"Yes, sir; it seems to me that there was something in the letter said about if he would give a note they would extend it; if he would give a new note and make a new application they would extend it. Well, I know that they said they would extend it to the 1st of October. I don't remember about the— No; I do not remember all of the letter at all. All I remember about this letter is that I got the impression and it is my recollection it said something about they would extend it to the 1st of October. No; I cannot give the date of the letter any nearer than the last of August or the first of September."

Greenwood, vice president, and Huff, secretary of defendant, testified that the letter of insured testified to by Murchison was not received by defendant, and that the letter testified to by plaintiff was not sent out by defendant. Insured died on September 10, 1914, and at 11 o'clock p. m. of that date defendant sent a notice addressed to insured to the effect that on October 14, 1914, the annual premium on the policy would be due according to its terms. The books and records of defendant showing the status of the policy after September 1, 1914, were not in evidence, but from the testimony of several of defendant's witnesses it appears that it was not the custom of defendant to send out notices upon lapsed policies. Shortly after insured's death two of defendant's agents, in company with the son of plaintiff, made a thorough search among the papers of the insured, and the testimony of these agents was that they failed to find either a copy of insured's letter to defendant, testified to by Murchison, or defendant's letter, testified to by plaintiff.

The only issue submitted to the jury was whether the insured received a letter from defendant to the effect that insured would be granted an extension until October 1, 1914, in which to pay the premium note due September 1, 1914. This issue was answered in the affirmative, and upon this finding the trial court rendered judgment for the plaintiff. The Court of Civil Appeals, Eighth District, reversed this judgment, and rendered judgment for the defendant. 186 S. W. 411.

The ruling of the Court of Civil Appeals is based upon the conclusion that the evidence, while perhaps sufficient to support a finding that the insured received a letter from defendant offering to extend the note until October 1, 1914, was insufficient to show with any degree of certainty that defendant made a definite agreement to extend the payment of the note to that date; that, viewed in its most favorable aspect, the evidence showed no more than a conditional offer to extend if a new note were given; and that no pretense was made that there was a compliance with such condition.

[1, 2] We think the evidence is sufficient, not only to show that the insured received from defendant a letter as testified to by Mrs.

Roberts, but also to warrant a finding that the letter contained an unconditional extension of the note to October 1, 1914. The testimony upon this point, it is true, is not entirely free from uncertainty; but this does not destroy the effect of the evidence as being sufficient to support the jury's finding, but merely goes to the weight of the testimony, which is a matter peculiarly within the province of the jury.

However, if we correctly interpret the holding in Equitable Life Assurance Society v. Ellis, 105 Tex. 526, 147 S. W. 1152, 152 S. W. 625, it is not essential to constitute a waiver of a forfeiture for nonpayment of a premium or premium note that the insurer's offer to extend the time of payment or to reinstate should be unconditional or accepted by the assured. The opinion in that case, written by Chief Justice Phillips discusses this question very exhaustively, and the conclusion there reached is thus summarized:

"Waiver is essentially unilateral in its character; it results as a legal consequence from some act or conduct of the party against whom it operates; no act of the party in whose favor it is made is necessary to complete it. It need not be founded upon a new agreement, or be supported by a consideration; nor is it essential that it be based upon an estoppel. It is certainly true that this insurance would not have continued in force indefinitely without Ellis' payment of the premium, or its adjustment in some manner satisfactory to the company; but it cannot be doubted that he was entitled to a reasonable time after his receipt of the letter of May 9th within which to either pay the premium or adjust it in the way the letter proposed. If he had failed to do so within such time, the right still inhered in the company to declare and enforce the forfeiture, notwithstanding it had theretofore waived it.

"The waiver was completed by the act or conduct of the company that constituted it. It was operative for a reasonable time thereafter, and during such period, within which Ellis had the right to avail himself of it and adjust the premium in the manner proposed, the policy would be considered as existing and in force."

[3] Applying here the reasoning in that case, the offer of defendant, even though conditioned upon insured's making a new application and executing a new note, while not binding upon the company until accepted by the insured, would nevertheless constitute a waiver on the part of defendant of the right to enforce the forfeiture.

[4] Whether a reasonable time had elapsed within which the insured should have accepted the conditions, if there were conditions, in defendant's proposal, is not a question presented in this case. The fact that defendant on the day that the insured died treated the policy as being still in existence, by sending out the notice of the premium to become due on October 14th following, as well as the fact that nothing appeared upon the books of defendant up to that time showing that it had exercised its right of forfeiture sufficiently established that if the right still inhered in defendant to enforce the forfeiture, notwithstanding it had theretofore waived it, it nevertheless had not seen fit to exercise that right.

We conclude that the judgment of the Court of Civil Appeals should be reversed, and that of the district court affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes