HINES, Director General of Railroads, v.
BOST. (No. 8364.)

(Court of Civil Appeals of Texas. Dallas.
May 15, 1920. Rehearing Denied
Oct. 9, 1920.)

1. Evidence ☞332(3)—Abandoned pleadings are admissible under ordinary rules of evidence.

Abandoned pleadings may be offered and used as evidence when relevant and material, and their relevancy and materiality is to be determined by the same rules which govern the admissibility of other testimony.

2. Witnesses ☞414(2)—Abandoned petition held relevant to corroborate corrected testimony by plaintiff.

Where plaintiff in his rebuttal testimony acknowledged that he was mistaken in certain testimony given in chief, and that defendant's witnesses were correct in that respect, the original petition, since abandoned, may be introduced by plaintiff to show that he therein stated the facts in accordance with his testimony as corrected on rebuttal.

3. Appeal and error ☞1050(1).—Admission of abandoned petition in evidence held not prejudicial.

Where defendant's witnesses contradicted plaintiff's testimony as to the rail which was being handled when plaintiff claimed to have been injured, and plaintiff in rebuttal testified that defendant's witnesses were correct and his testimony was incorrect, the admission of the original petition, which alleged the facts in accordance with the corrected testimony, if error, was not prejudicial to defendant.

4. Appeal and error ☞1002—Verdict on conflicting evidence not disturbed.

In action for injuries to employé, where the evidence, while conflicting, was sufficient to support the verdict for plaintiff, the verdict cannot be disturbed.

5. Appeal and error ☞179(3)—Where contributory negligence was not conclusive, request for submission of issue is necessary.

Where the evidence does not show that plaintiff was contributorily negligent as a matter of law for the reason stated in an assignment of error, and no request was made for the submission of contributory negligence to the jury, and it was not submitted, the verdict for plaintiff cannot be reversed because of his contributory negligence.

Appeal from District Court, Hunt County;
A. P. Dohoney, Judge.

Action by H. M. Bost against Walker D. Hines, Director General of Railroads. Judgment for plaintiff, and defendant appeals. Affirmed.

Chas. C. Huff, of Dallas, and Dinsmore, McMahan & Dinsmore, of Greenville, for appellant.

B. Q. Evans, of Greenville, for appellee.

TALBOT, J. This suit was originally brought by the appellee, H. M. Bost, against C. E. Schaff, as the receiver of the Missouri, Kansas & Texas Railway Company of Texas, to recover damages for personal injuries. Thereafter the suit as against Schaff, receiver, was dismissed, and by an amended petition, filed April 19, 1919, the same prosecuted against Walker D. Hines, Director General of Railroads in the United States. The appellee alleged in substance that on April 11, 1918, while he was working as a section hand for appellant, he, as such section laborer, working with three other section laborers, and a foreman, of his own section gang, and with a foreman and four other section laborers belonging to another gang, took a defective rail from the track and replaced it with a new rail, at a point some two miles south of Greenville, in Hunt county; that the steel rail weighed about 1,000 pounds, and it was picked up and carried some distance by eight section men, four at one end of the rail and four at the other end of the rail; that while appellee was engaged with the others in carrying the rail the three men working with him at the same end of the rail negligently failed to lift and carry a proper weight, but let the greater part of the weight of the rail fall upon him, and that he carried the end of the rail some distance; that the weight was too great for one man and while so carrying the end of the rail he felt a stinging pain about the right groin; that afterwards the pain increased and later he discovered that he had a hernia about the right groin; that the hernia had not existed before the time he was carrying the rail, and that the great weight of the rail and the strain caused the hernia; that he had suf-

fered great pain and disability from the said injury. Appellant, defendant below, answered by general denial, plea of contributory negligence, and plea of assumed risk. The case was tried at the May term, 1919, of the district court of Hunt county, with the aid of a jury, and the trial resulted . in verdict and judgment for appellee for $2,500. Appellant's motion for a new trial having been overruled, he prosecuted an appeal to this court.

[1] The first contention of the appellant, as presented by his first assignment of error, is that the court erred in permitting the appellee to read in evidence certain allegations made in his abandoned original petition with respect to how the accident or injury happened, which allegations are as follows:

"And that on said date [the date of the accident] the plaintiff and the section men of both crews undertook to carry by hand a heavy steel rail, about 30 feet long and · weighing something near 1,000 pounds, from the track from which it had been taken to the hand car."

To the introduction of this part of the appellee's original petition the appellant objected, on the ground that the allegations in said petition were not admissible · for any purpose, and upon the ground that the allegations in the petition were made by the pleader, and not by the plaintiff, and could not be considered in evidence as to how the accident occurred, because the allegations in the petition were irrelevant, immaterial, and hearsay. The general rule is that abandoned pleadings may be offered and used in evidence when relevant and material to the issue involved in the trial, and their relevancy and materiality are to be determined by the same rules which govern the admissibility of other testimony. Hudson v. State, 53 Tex. Civ. App. 453, 117 S. W. 469.

[2] In the instant case the appellee on direct examination testified, among other things, in substance, that he was injured about 11 o'clock in the morning of the 11th day of April, 1918; that, at the time he got hurt he and the other members of the section crew were putting in a new rail in the railroad track; that when they got to the place where the new rail was to be put in they found the rail out by the side of the track, and that they had to carry it about 15 or 16 feet to put it in the track; that Mr. Hardaway was in charge of the men for the railway company, and directed the movements of the men putting in the rail; that there were eight men assigned to the work of putting in the rail; that he and three Mexicans were at one end of the rail, and four men at the other end; that the rail was a new rail, and weighed about 1,000 pounds; that a rail had been taken out of the track, and the crew he was working with was about to place the new rail in the tracks; that he, appellee, with the three Mexicans, reached down and lifted up their end of the rail, and just as they went to step the Mexicans let the weight of 'the rail down on him, and he felt a sting in or near his right groin, but that he had to hold the rail up to keep from breaking his leg; that after the Mexicans let the weight of the rail down on him he continued to hold it, and halloaed for them to hold on, but that he did not carry all of the rail, for he could not do so. He further testified on direct examination that they carried the new rail across to the main line and put it down at the place it belonged in the track; that they did not take the rail and put it on a push car; that all they had to do with the new rail was to carry it something like 15 steps and put it in place in the track.

On the other hand, A. Hardaway and J. W. Highsmith, section foremen of appellant, testified in substance that they were present when the new rail in question was put in the railroad track on April 11, 1918; that the new rail that was to be placed in the track in the place of the old one that was to be taken out was about a mile and a quarter south of where the new rail was to be placed in the track; that when he and the crew got to where the new rail was lying they picked up and laid it on the handcar, and pushed it up to where they wanted to put it in the track, and dropped it off the handcar on the end of the cross-ties right at the place where it was to be put in. They further testified that, after they got the new rail in the track, the old rail was picked up from the west side of the track and carried over to where the hand car was on the passing track, laid on the hand car, and pushed up to the north end of the switch about 400 feet, and thrown off on the east side of the passing track. Hardaway said that in moving that rail and putting it in—

"I did not notice anything unusual in the way· it was handled; it was handled like· they are usually handled. I did not notice any bobble at all about it. Mr. Bost did not make any complaint to me."

After the witnesses Hardaway and Highsmith had testified for the appellant, and while appellee was introducing evidence in rebuttal, appellee testified as follows:

"I heard the testimony of Mr. Hardaway and Mr. Highsmith. I do remember now about picking up the rail and putting it on the hand car. I made a mistake, I want to tell you. * * * They were correct in their testimony, and I was mistaken; the rail was brought from the south; I was hurt right there taking the rail out, taking the rail out of the track, and putting .it on the car. I was hurt at the place where the rails were exchanged. I was hurt in handling the old rail, I don't think I testified yesterday that I was hurt in handling the new rail. I think you are mistaken. If I testified that I went and got the rail out of

the east side of the side track, if we call the railroad running north and south at that point, and on the south side, if we call it running east and west, and was hurt as I carried it over to where we put it in, that was the old rail. I did not testify that I was hurt as I carried the new rail over across to where we put it in the track. I misunderstood you, or you misunderstood me—one. You asked me whether it was true we brought the new rail there on a hand car, or push car, and I said, 'No;' that we took the old rail away on a hand car. I said it was the old rail; of course, we throwed the new rail off, like he said, on the ground, and put the new rail in, and took the old rail, and lifted it on the hand car, and there is where I got hurt."

At the close of the evidence, appellant offered and put in evidence the file mark on plaintiff's original petition. Whereupon, in addition to this testimony of the appellee, he was permitted to introduce, over the objections of appellant, that portion of his original petition quoted above. Was there reversible error in this last-mentioned action of the court? We are inclined to think there was not. As has been stated, the general rule is that abandoned pleadings may be offered and used in evidence, when relevant and material; and it occurs to us that the pleading in question was competent as tending to show inconsistency on the part of the appellee in his position as to what rail he was handling at the time he was injured, and that his mistake in that matter, as disclosed by the testimony of appellant's witnesses, and which was admitted by him, was an innocent one. The amended petition, upon which the case was tried, contained the same allegations as those of the original petition, which were admitted in evidence, and both disclose appellee's position, so far as his pleadings were concerned, to be from first to last that he was hurt while handling the old rail, and not the new one.

[3] It is well established that, if testimony be offered tending to show that the plaintiff in a suit has made a statement before the trial of the case inconsistent with his statement in regard to a material issue made in the trial, it is permissible in rebuttal for him to show that on another and different time he made a statement consistent with the testimony given by him on the trial, and it would seem that this principle finds application here. If, however, the pleading in question, for any reason, was inadmissible, its admission was not reasonably calculated, in our opinion, to cause the rendition of an improper judgment, and under rule 62a the error should not be regarded as furnishing sufficient ground for a reversal of the case.

[4] The next contention is that the trial court erred in not granting appellant a new trial:

"Because the verdict of the jury is against the law and the evidence, and the great weight of the evidence, in that the great weight of the evidence shows that plaintiff suffered no injury at the time or in the manner alleged, and the evidence is not sufficient to sustain a finding that plaintiff's alleged injuries were sustained by him at the time and place and in the manner alleged."

In disposing of this contention it is sufficient to say that, while the evidence was conflicting, it is sufficient to support the verdict and judgment, and in such case we would not be authorized to disturb them.

It is further contended that the court erred in not granting appellant a new trial:

"Because the evidence was not sufficient to sustain a finding by the jury that the defendant was guilty of negligence which was the proximate cause of plaintiff's injuries, and the verdict of the jury is therefore against the law and the evidence, and the verdict and judgment should be set aside."

This contention cannot be sustained. Whether the appellant was guilty of negligence which was the proximate cause of appellee's injuries was, under the evidence adduced, an issue of fact for the determination of the jury, and not an issue of law for the decision of the court.

[5] The fourth assignment of error is as follows:

"A new trial should be granted upon appellant's seventeenth assignment in his amended motion, which is in these words: 'Because the verdict of the jury is against the law and the evidence, because plaintiff's own testimony shows that he discovered that the Mexicans were not lifting their proportional part of the weight, and for the purpose of ascertaining the fact he eased the end of the rail down, but failed to let the rail go on down to the ground, but lifted it up and attempted to carry it without sufficient assistance, and the said testimony therefore shows that plaintiff was guilty of contributory negligence, and that he was not entitled to recover full compensation for any injuries suffered by him.' "

The evidence does not show that the appellee, for the reasons stated in this assignment, was guilty of contributory negligence as a matter of law. Indeed, it does not appear that the question of contributory negligence on the part of the appellee was in any form submitted to the jury, nor does it appear from appellant's brief that a request was made for its submission and refused. The evidence does not, as we understand it, show conclusively that appellee discovered the negligence on the part of appellant's servants, which resulted in his injuries, in time by the exercise of ordinary care to have avoided the injuries. If the evidence does not conclusively show that appellee did not discover the negligence of appellant's servants in time for him, by the exercise of the care required of him by law, to escape the danger in which he was placed thereby, it was of such char-

acter as to call for the submission of the question to the jury, and, as indicated, no request for the submission of the question was made, and there is no claim that the court erred in not of its own accord submitting the same. The issue of assumed risk was submitted to the jury, and their verdict necessarily embraces a finding against the appellant upon that issue.

The court also submitted to the jury the issue of whether or not the three men assisting appellee negligently failed to sustain their part 'of the weight of the rail they were handling, and the issue of whether or not by reason thereof the appellee was injured, as alleged in his petition, and whether or not such negligence was the proximate cause of appellee's injuries, and the jury's findings upon these issues were favorable to the appellee. So that, applying the rules of practice established by the decisions of our courts to the testimony in this case, the judgment must be affirmed; and it is accordingly so ordered.

Affirmed.