**BELL v. GAINES.   (No. 2486.)**

(Court of Civil Appeals of Texas. Texarkana. Jan. 12, 1922.)

**1. Deeds ⬥70(2) — Signing without reading because of representations on which grantor has right to rely does not prevent relief.**

The rule that a person signing a written instrument without reading it when he has ability and opportunity to do so cannot afterwards complain that he did not know its contents did not apply where representations were made to induce plaintiff to execute a deed which were false and fraudulent and on which he had a right to rely as being true.

**2. Appeal and error ⬥1050(1)—In suit to cancel deed admission of deed in chain of title held harmless.**

In a suit to cancel a deed for fraud, where defendant claimed no title to the land otherwise than by virtue of such deed, the admission of a deed in plaintiff's chain of title, if erroneous, was harmless, since a grantee asserting no other right or title than that conveyed by the deed cannot urge as against the grantor that he did not own the land when he conveyed it.

**3. Appeal and error ⬥664(4)—Presumed that letter not in statement of facts was not admitted as stated in bill of exceptions.**

Though the bill of exceptions states that a letter was admitted as evidence, where it is not in the statement of facts agreed to by the parties and approved by the trial judge, the court is bound by the statement of facts and must assume that the letter was not admitted.

**4. Cancellation of instruments ⬥27—Grantor need not show injury from conveyance.**

In a suit to cancel a deed for fraud, it did not devolve on plaintiff to show that he was injured by the conveyance.

**5. Cancellation of instruments ⬥27—Grantor held injured sufficiently to sustain action if injury necessary.**

Where a deed was not a mere quitclaim, but one which would estop the grantor from holding the land under an after-acquired title against the vendee, and would not estop the vendee from claiming under another title, injury to the grantor sufficiently appeared to support a suit for cancellation for fraud, assuming that it was necessary to show such injury, even though the grantor had no title.

**6. Estoppel ⬥37—Relative to after-acquired title conveyance held not mere quitclaim.**

A deed with habendum to the grantee, his heirs and assigns forever, so that neither the grantor nor his heirs nor any persons claiming under them should at any time thereafter claim or demand any right or title to the premises, was not a mere quitclaim, but would estop the grantor from holding the land under an after-acquired title.

**7. Appeal and error ⬥843(2) — In suit to cancel deed determination of question whether instrument of confirmation was a conveyance held unnecessary.**

In a suit to cancel a deed, where defendant asked no affirmative relief, but merely pleaded and relied on an instrument confirming the deed as a defense to the claim of cancellation, it was unnecessary to determine whether the instrument confirming the deed was sufficient in itself to convey the land.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Suit by Hiram A. Gaines against John J. Bell. From a judgment for plaintiff, defendant appeals. Affirmed.

---

This suit was brought by appellee to cancel a deed he made June 14, 1919, less than two months after he became 21 years of age, whereby he conveyed all his "right, title, and interest in and to" 200 acres of the W. F. Thompson survey, described by metes and bounds and as in Bowie county, about 2 miles east of New Boston, to appellant. The consideration for the conveyance, it appeared from a recital in the deed and from undisputed evidence heard at the trial, was $10 paid to appellee by appellant. In his petition appellee alleged that he owned an undivided one-fifth interest in the land worth $2,000, and at the trial proved that such an interest was worth from $800 to $1,200. He further alleged that he was induced to execute the deed by fraud practiced on him by appellant, in that appellant concealed from him the fact, then unknown to him, that the land conveyed was land in which he owned an interest, and falsely represented to him that he owned no interest in same, and that the instrument was a quitclaim deed necessary to clear the title to land owned by Mrs. T. M. Bell which it would take a lawsuit to recover of one T. P. Trimble, who claimed to own it. Appellant's answer consisted of exceptions questioning the sufficiency of appellee's petition, a general denial, and a special plea that appellee ratified and confirmed his said deed by an instrument he executed June 16, 1919. In a supplemental petition appellee admitted that he executed the instrument referred to in the answer, and then alleged that he was induced to do so without reading it, by the representation made to him by appellant at the time he executed the deed that the land referred to in the ratifying instrument was land owned by Mrs. Bell.

On special issues submitted to them the jury found as follows: (1) That appellant represented to appellee at the time the deed was executed that he wanted appellee to "sign up a quitclaim deed to the Mrs. Bell old home place in order to clear up the title"; (2) that the representation was false; (3) that appellee relied upon the representation when he executed the deed; (4) that appellee was induced by the representation to execute the deed; (5) that at the time appellant made the representation appellee did not know that the land described in the deed was not the land appellant represented it to be; (6) that appellant knew the representation he made "as to what land was being conveyed" was false; (7) that appellant made "the representation as to what land was being conveyed with a reckless disregard whether the same was true or false"; (8) that at the time he signed the instrument ratifying and confirming the deed appellee did not "fully realize and know all the facts and circumstances surrounding the transfer of the land under the original deed"; (9) that appellee did not

"know what land was conveyed in the deed" at the time he executed it; (10) that appellee did not know "what land was included in the deed" at the time he executed the instrument ratifying and confirming it; (11) that at the time appellee executed the deed and the instrument ratifying it appellee did not know "that he had an interest in the land conveyed by him in said deed."

Reciting that the findings of the jury on the issues submitted to them were in favor of appellee, and that "the law and evidence is in his favor on all issues not submitted to the jury," and that it appeared that appellee had tendered to appellant "the amount of money [quoting] received by him for said land, together with legal interest thereon before the filing of this suit, and has paid same into this court," the trial court rendered judgment canceling the deed and record thereof and devesting out of appellant and vesting in appellee the title passed to appellant by the deed, and awarding a recovery by appellant of appellee of the $10 paid by the former for the conveyance, together with interest thereon from June 14, 1919, to April 5, 1920, when appellee tendered same to appellant.

Keeney & Dalby, of Texarkana, for appellant.

O. B. Pirkey, of New Boston, for appellee.

WILLSON, C. J. (after stating the facts as above). Appellee alleged in his petition that at the time he executed the deed in question he did not read it and was ignorant of the fact that the land described in it was land he owned an interest in. Appellant by exceptions questioned the sufficiency of the petition, on the ground that it did not appear therefrom that appellee's ignorance of the contents of the deed was not due to negligence on his part, in that it was not alleged that he could not read, nor, if he could, that he was induced by any conduct of appellant's not to read the instrument.

[1] The several assignments based on the action of the court in overruling the exceptions are overruled. The rule invoked by appellant that "a person who signs a written instrument without reading it, when he has ability and opportunity to do so, cannot afterwards complain that he did not know its contents," does not apply "where one's signature to a document is obtained, without his reading it, by means of any actual fraud, trick or artifice, or by representations upon which he has a right to rely but which are false and fraudulent." 1 Black on Rescission & Cancellation, §§ 52, 56, 58; Labbe v. Corbett, 69 Tex. 503, 6 S. W. 808; Mortgage Co. v. Pace, 23 Tex. Civ. App. 222, 56 S. W. 377; Granger v. Kishi, 153 S. W. 1161. Appellee charged in his petition that the representations made by appellant to induce him to execute the deed were false

and fraudulent, and he alleged facts showing he had a right to rely on them as being true.

[2] At the trial the court, over appellant's objection, admitted as evidence a deed conveying the land to Mrs. E. Looby, under whom appellee claimed title. We think it is not necessary to determine whether the ruling of the court was erroneous or not, for, if it was erroneous, it was harmless. It does not appear from the record that appellant claimed title to the land otherwise than by virtue of appellee's deed to him. Therefore the case was within a rule stated in Corpus Juris, 1070, where many authorities are cited as supporting it, as follows:

"If the grantee or one claiming under him asserts no other right or title than that conveyed by the deed, he cannot urge as against the grantor that he did not own the land when he conveyed it; in other words, he cannot claim under that title and against it."

[3] Another contention presented by assignments is that the trial court erred in admitting as evidence, over appellant's objection thereto, a certain letter written by him to one Runnels. It appears from a bill of exceptions in the record that the letter was admitted as evidence as charged, but it is not in the statement of facts agreed to by the parties, approved by the trial judge, and sent to this court. Under the rule applicable this court is bound by the statement of facts, and therefore must assume that the letter was not admitted as evidence in the case. Railway Co. v. Moore, 28 Tex. Civ. App. 603, 68 S. W. 559, and the many cases cited in 1 Ency. Dig. of Texas Reports, p. 690, and 18 Ency. Dig. of Texas Reports, p. 210.

[4-6] In a proposition under an assignment in which he complains of the refusal of the trial court to peremptorily instruct the jury to find in his favor, and under an assignment in which he asserts that the verdict "is contrary to the law and the evidence" and "against the great weight and preponderance of the testimony," appellant insists it was not shown that appellee had title to an interest in the land, and therefore that it did not appear that he was injured when he was induced to convey it as he did. With reference to this contention, we care only to add, in connection with what has already been said about appellee's title to the land, that if it devolved on appellee to show he was injured by his conveyance to appellant, and we do not think it did, it sufficiently appeared from the testimony that he was. Appellant's insistence to the contrary seems to be based on an assumption that appellee's deed was a mere quitclaim. The habendum clause, like that in Bedford v. Cattle Co.,

13 Tex. Civ. App. 618, 35 S. W. 931, was as follows:

"To have and to hold the said premises, together with all and singular the rights, privileges, and appurtenances thereto in any manner belonging, unto the said John J. Bell, his heirs and assigns forever, so that neither he, the said Hiram Gaines, nor his heirs, nor any person or persons claiming under them, shall, at any time hereafter, have, claim, or demand any right or title to the aforesaid premises or appurtenances or any part thereof."

In the case cited the court held that the deed was not a mere quitclaim; that the effect of the language used would be to estop the grantor—

"from holding the land under an after-acquired title, against the vendee, nor would the vendee be estopped from claiming under another title. The prominent effect of a quitclaim deed is that the vendor is not thereby precluded from subsequently acquiring a valid title to the land and enforcing it against his vendee, and the vendee is not estopped from denying that he received any estate by the deed."

[7] In another proposition under the same assignments appellant insists that the instrument executed by appellee to confirm his deed "was sufficient within itself to convey the land to appellant." We will not undertake to determine whether it was or not. The only relief appellee sought was the cancellation of the deed. Appellant in his pleadings did not seek affirmative relief of any kind. He pleaded and relied on the instrument confirming the deed only as a defense against the right appellee claimed to have the deed canceled. The effect of findings of the jury was to determine that the instrument did not operate to confirm the deed.

In still another proposition under said assignments appellant insists that it appeared from the "overwhelming weight of the testimony that no fraud was practiced upon appellee, but that he knew and understood the whole transaction." It appears from the record that the testimony as to appellee's knowledge that he owned an interest in the land at the time he executed the deed and the instrument confirming it and as to the representations made to him by appellant to induce him to do so was conflicting. Parts of it the jury had a right to believe warranted the findings they made, and there is nothing in the record which, under familiar rules applicable (Lucas v. Harrison, 182 S. W. 74; Lofland v. Greenwood, 181 S. W. 517; Hines v. Bost, 224 S. W. 698; Roberts v. Ry. Co. [Com. App.] 221 S. W. 268), authorizes this court to set aside their findings.

The judgment is affirmed.